### DAVIS v. VALLEY ELECTRIC LIGHT CO.·

(Supreme Court, Appellate Division, Third Department. November 15, 1899.)

1. CORPORATIONS—PROMOTER—LIABILITY.

> Where defendant, an electric light company, received and used poles purchased before its organization by one of its incorporators and trustees under representations that he was acting for defendant, and not for himself, defendant is liable.

2. EVIDENCE—STATEMENTS—AGENCY.

> Statements by a trustee of a corporation, made in the purchase of goods prior to the organization of the corporation, to the effect that he represented the corporation, and not himself, are admissible in connection with evidence of the subsequent use of the goods by the corporation, as showing the trustee's agency.

Appeal from judgment on report of referee.

Action by Howard Davis against the Valley Electric Light Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, KELLOGG, and MERWIN, JJ.

Byron E. Center, for appellant.
Jesse Stiles, for respondent.

LANDON, J. Appeal from judgment entered upon report of referee for $80 for 80 poles for electric wires sold by plaintiff to Hiland Carpenter, acting, when he purchased them, as he then said, not for himself, but in behalf of the defendant, which was about to be organized. Before the organization of the company, Carpenter ordered the poles of the plaintiff, directing him to ship them to "Valley Electric Light Co., West Valley Falls." The plaintiff shipped the poles as thus directed before the defendant was organized. The defendant was organized for the purpose of "manufacturing and using light, heat, or power, and lighting streets," etc., in Valley Falls and other places, and Carpenter is one of the incorporators, and a trustee. There is evidence tending to show that the poles were received and set by the defendant. It is clear that the purchase of such poles was in the line of its authorized business. There is no evidence tending to show that the defendant acquired the poles by purchase or otherwise from anybody other than the plaintiff. Evidence of the declarations of Carpenter, in negotiating with plaintiff for the poles, to the effect that he was acting for the defendant, and not for himself, in anticipation of its organization, was received over defendant's objection. Standing alone, this evidence was incompetent, but was competent in connection with defendant's subsequent use of the poles, as tending to show what agency Carpenter assumed, and thus what defendant adopted and ratified. Judgment affirmed, without opinion.

Judgment affirmed, with costs. All concur.